IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Daniel Kozbiel, | ) |
|     *Plaintiff*, | ) ) ) No. \_\_\_\_\_ |
| -*vs*- | ) ) |
| Sheriff of Cook County, Cook County, Illinois, Correctional Officer Franklin, and Correctional Officer Hughey, | ) *(jury demand)* ) ) ) ) |
|     *Defendants*. | ) ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2. Plaintiff Daniel Kozbiel was a detainee at the Cook County Jail in June of 2016.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Correctional Officers Franklin and Hughey were at all times relevant acting under color of their authority as correctional officers em-

ployed by the Sheriff of Cook County; plaintiff sues Franklin and Hughey in their individual capacities.

6. On June 29, 2016, plaintiff was assigned to a housing unit at the Cook County Jail known as Division 08 RTU Tier 4G.

7. Division 08 RTU Tier 4G is a "dormitory tier" in which detainees are housed in one large room rather than separate cells.

8. At some time before June 29, 2016, an employee or employees of defendant Sheriff correctly determined that a jail detainee named Jerome Lawrence was extremely dangerous and should be classified as "maximum security."

9. The jail employee or employees who made this determination relied on one or more of the following facts:

    (a) Lawrence was at the Jail because he was facing 16 extremely serious charges, including murder, home invasion, and armed robbery;

    (b) Lawrence had previously been convicted of 10 violent felonies; and

    (c) Lawrence had previously escaped from an Arkansas Jail.

10. After Lawrence had been correctly designated as "maximum security," an employee or employees of defendant Sheriff assigned Lawrence to the above-described "dormitory tier" of Division 08 RTU Tier 4G.

11. The employee or employees of defendant Sheriff who assigned Lawrence to the above-described "dormitory tier" acted pursuant to a policy or widespread practice of defendant Sheriff to assign "maximum security" detainees to "dormitory tiers."

12. The policymakers of defendant Sheriff who adopted the above-described policy or widespread practice turned a blind eye to the extreme and obvious risk that dangerous detainees, who had been designated as requiring "maximum security," would prey on non-dangerous detainees like plaintiff when assigned to a dormitory tier.

13. On June 29, 2016, plaintiff observed Lawrence stealing property from another detainee in Division 08 RTU Tier 4G.

14. Defendants Officer Franklin and Officer Hughey learned that plaintiff had observed Lawrence stealing.

15. Thereafter on June 29, 2016, defendants Franklin and Hughey, knowing that their actions would result in harm to plaintiff, told Lawrence that plaintiff had "snitched" on him.

16. After plaintiff began to sleep in the evening of June 29, 2016, Lawrence took the cane of another detainee and used it to savagely beat plaintiff, thereby inflicting serious personal injuries on plaintiff.

17. The cane should not have been accessible to Lawrence: a longstanding policy of Division 08 RTU Tier 4G, adopted to prevent the usage of canes as weapons, is that all canes must be secured outside of the tier.

18. Defendants Officer Franklin and Officer Hughey disregarded this policy and permitted the cane to be accessible to Lawrence.

19. Defendants Officer Franklin and Officer Hughey acted unreasonably or in deliberate indifference to an obvious risk when they permitted Lawrence to have access to the cane inside of the tier.

20. Plaintiff suffered serious personal injuries from the beating, including injuries that required surgery to partially repair.

21. Plaintiff's injuries were caused by one of more of the following:

   (a) The Sheriff's policy or widespread practice of assigning dangerous detainees to dormitory tiers;

   (b) Defendant Franklin's and defendant Hughey's acts of informing Lawrence that plaintiff had snitched on him; and

   (c) Defendant Franklin's and defendant Hughey's failure to properly secure the cane that Lawrence used as a deadly weapon.

22. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the constitution of the United States.

23. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants, that appropriate punitive damages be awarded against defendants Franklin and Hughey, and that the costs of this action, including fees and costs, be taxed against defendants.

>/s/ Joel A. Flaxman
> Joel A. Flaxman
> ARDC No. 6292818
> Kenneth N. Flaxman
> 200 S Michigan Ave, Ste 201
> Chicago, IL 60604
> (312) 427-3200
>
> *Attorneys for plaintiff*